# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CARMELITO GARAY,
> Appellant,

v.

DEPARTMENT OF THE AIR FORCE,
> Agency.

DOCKET NUMBER
DA-0752-15-0235-I-1

DATE: September 24, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Carmelito Garay, Fort Worth, Texas, pro se.

Shelly M. Frank, Homestead Air Reserve Base, Florida, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which affirmed the agency's action removing him from his dual status technician position based on his loss of active military reserve status. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The agency removed the appellant from his dual status Air Reserve Technician position because he no longer met the requirements of the position, based on his loss of active military reserve status. Initial Appeal File (IAF), Tab 14 at 28-30, 44-46. The appellant filed this timely appeal. IAF, Tab 1. He did not request a hearing. *Id.* In an initial decision, the administrative judge affirmed the agency's action based on the written record. IAF, Tab 16, Initial Decision (ID).

¶3      A military technician (dual status) is required, as a condition of that employment, to maintain active military reserve membership. 10 U.S.C. § 10216(a)(1)(B). The appellant stipulated that he is no longer an active member of the reserve. IAF, Tab 10 at 1. Because the appellant no longer met a condition of his employment, the administrative judge affirmed the appellant's removal. ID at 2-3. The administrative judge further found that the appellant's removal promoted the efficiency of the service and was reasonable under the circumstances presented. ID at 3-6.

¶4      A dual status technician who is ineligible for an unreduced annuity and is under age 60 when dual status is lost must be offered the opportunity to:

(1) reapply for, and, if qualified, be appointed to, a position as a military technician (dual status); or (2) reapply for a civil service position that is not a technician position. *See* 10 U.S.C. § 10218(a)(3)(A). The administrative judge found that the appellant was not eligible for an unreduced annuity and was under the age of 50 when he lost his dual status. ID at 4. The administrative judge further found that the appellant was not interested in either of the options noted above, *see* 10 U.S.C. § 10218(a)(3)(A), but instead only requested that he be given a nondual status technician position. ID at 5. As the administrative judge correctly observed, the agency is not required to consider the appellant for a nondual status technician position, of which she noted there are few available. ID at 5-6 and n.1.

¶5      In his petition for review, the appellant essentially argues that the agency should allow him to remain in his position until he is eligible to retire. Petition for Review File, Tab 1 at 6. However, in quoting the relevant authorities, he acknowledges that doing so is discretionary in that the agency "may" retain an individual like the appellant who lost his active reserve status for medical reasons, *id.*, but he identifies no authority for the proposition that the agency must do so, or that the Board is authorized to review the agency's actions concerning such a determination, regardless of whether those actions are substantive or procedural in nature.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                        _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.